Filed 9/9/15  R.R. v. Super. Ct. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| R.R.,<br><br>        Petitioner,<br><br>                v.<br><br>THE SUPERIOR COURT OF  FRESNO COUNTY,<br><br>        Respondent;<br><br>FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>        Real Party in Interest. | F071596<br><br>(Super. Ct. No. 14CEJ300044)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

ORIGINAL PROCEEDING; petition for extraordinary writ review.  Brian M. Arax, Judge.

R.R., in pro. per., for Petitioner.

No appearance for Respondent.

Daniel C. Cederborg, County Counsel, and David F. Rodriguez, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Gomes, J. and Peña, J.

R.R. (father) in propria persona seeks extraordinary writ relief from the juvenile court's orders terminating his reunification services and setting a Welfare and Institutions Code section 366.26 hearing[1] as to his seven-year-old daughter G.R., five-year-old daughter P.R., and four-year-old son R.R.[2] (Cal. Rules of Court, rule 8.452.) We conclude father's writ petition fails to comport with the content requirements of California Rules of Court, rule 8.452 and dismiss the petition as inadequate for appellate review.

### PROCEDURAL AND FACTUAL SUMMARY

In early February 2014, the Fresno County Department of Social Services (department) responded to a call for assistance after father was arrested for domestic violence. Father and his wife, Christina, were involved in a physical altercation during which Christina was injured and their then five-year-old daughter G.R. was hit. Father and Christina reported they had been involved in ongoing domestic violence for several years. The department took G.R., then three-year-old daughter P.R. and two-year-old son R.R. into protective custody and placed them in foster care.

In April 2014, the juvenile court exercised its dependency jurisdiction over the children and provided Christina and father 12 months of reunification services. However, they made minimal to moderate progress toward reunifying with the children. Notably, father was court-ordered to complete a psychological evaluation because he displayed some significant pathology during his mental health assessment. He was ultimately referred for mental health counseling but was resistant. In addition, Christina and father continued to live together and engage in domestic violence and were not participating in court-ordered domestic violence treatment. The department opined that father and

---

[1]     All further statutory references are to the Welfare and Institutions Code.

[2]     Father also identifies another child, S.R., as a subject of his writ petition. S.R. was born during the pendency of these proceedings but was not adjudged a dependent of the juvenile court. Consequently, S.R. is not a subject of these proceedings.

Christina were not benefiting from reunification services and recommended the juvenile court terminate reunification efforts and set a section 366.26 hearing.

In May 2015, the juvenile court conducted a contested 12-month review hearing. By this time, Christina had given birth to their child, S.R. Christina did not appear at the hearing and, according to father, had left with S.R. and he did not know where they were.

Father testified that he completed the parenting class and substance abuse assessment that the juvenile court ordered and was not referred for substance abuse treatment. He also submitted to random drug testing and tested negative. He testified that he was participating in individual therapy through which he discovered his relationship with Christina was "toxic" and that he was codependent and enabling. His therapist had taught him skills to help him make better choices in the future. He said he last saw Christina in April 2015 and had filed for divorce.

Father further testified that he completed 23 of the 36 required weekly sessions to complete the court-ordered domestic violence class. He also acknowledged an incident in January of 2015 in which he and Christina were involved in domestic violence.

Social worker Mariana Rubalcaba testified she did not believe father could reunify with the children because he did not understand how domestic violence affected them. Of particular concern to her was that father continued to blame Christina for their domestic violence incidents. Rubalcaba first testified that she gleaned that information from the progress reports provided by father's domestic violence counselor. On cross-examination by father's attorney, she said the counselor conveyed that information in a telephone conversation. Father's attorney challenged but did not specifically object to Rubalcaba's testimony concerning her conversation with the counselor and pursued another line of questioning after the juvenile court elicited from Rubalcaba that father's blaming was not a new issue.

Following testimony, father's attorney asked the juvenile court to continue father's reunification services. She argued that father attempted to separate himself from

Christina but had difficulty doing so because of the children. She also argued that he was making progress in domestic violence counseling and participating in therapy.

The juvenile court terminated reunification services and set a section 366.26 hearing. In doing so, the court set forth a detailed factual basis for its ruling. Ultimately, the court concluded that father was not benefiting from his services.

This petition ensued.

## DISCUSSION

Father contends in his writ petition that he did not receive due process or adequate representation of counsel. He fails, however, to develop his contentions into legal argument as required under California Rules of Court, rule 8.452 (rule) which governs the filing of an extraordinary writ petition. Rather, he lists 13 page- and line-citations to the reporter's transcript of the contested 12-month review hearing followed by general statements indicating "due process rules were not followed," testimony was or was not allowed, discovery was not provided and his attorney did not object. We conclude, as we now explain, that father's writ petition is inadequate for appellate review.

Rule 8.452 requires a petitioner to support each point of error with argument, citation to legal authority and citation to the record. Though this court will construe a petition in favor of reaching the merits of a claim of error (rule 8.452(a)(1)), we are not required to develop a petitioner's argument (*In re Sade C*. (1996) 13 Cal.4th 952, 994) and will not do so on such generalized statements.

Here, father argues he was denied due process. Due process affords the right to notice and the right to be heard. (*In re Matthew P*. (1999) 71 Cal.App.4th 841, 851.) Father had notice of the hearing, appeared and testified. He does not state otherwise and the portions of the record to which he cites do not relate to due process.

Father also argues his attorney was ineffective. An attorney is ineffective if his or her performance is deficient and petitioner was prejudiced as a result. (*In re Kristin H*. (1996) 46 Cal.App.4th 1635, 1667-1668.) Here, father cites to portions of the record

4.

which relate to admissibility of evidence and discovery.  In doing so, he may be claiming his attorney was deficient by not objecting.  However, as we stated above, it is not our role to develop father's record citations into legal arguments.  Further, to support a claim of ineffective assistance of counsel, father would also have to show that his attorney's handling of his case resulted in prejudicial error; i.e., absent his attorney's errors, there is a reasonable probability of a more favorable outcome.  (*In re Nada R.* (2001) 89 Cal.App.4th 1166, 1180.)  He did not do so.

Since father has failed to sufficiently develop his arguments for a denial of due process and ineffective assistance of counsel in compliance with the rule, we must dismiss the petition as facially inadequate.

## DISPOSITION

The petition is dismissed.  This opinion is final as to this court.

5.